| |
|---|
| **Neal v Extell Dev. Co.** |
| 2026 NY Slip Op 30957(U) |
| March 13, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 155397/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      **HON. ARLENE P. BLUTH**                    PART                    14

                                          *Justice*

-----------------------------------------------------------------------------X

JOAN ELIZABETH NEAL,                          INDEX NO.        155397/2020

                    Plaintiff,                MOTION DATE

            - v -                                              001 002 003
                                              MOTION SEQ. NO.      004
EXTELL DEVELOPMENT COMPANY, PARK AVENUE
CHRISTIAN CHURCH (DISCIPLES OF CHRIST), PA
ACQUISITIONS (NY) LLC,L.C.D. ELEVATOR REPAIR,
INC.,HANDI-LIFT, INC.,
                                              **DECISION + ORDER ON**
                    Defendant.                       **MOTION**

-----------------------------------------------------------------------------X


EXTELL DEVELOPMENT COMPANY, PARK AVENUE            Third-Party
CHRISTIAN CHURCH (DISCIPLES OF CHRIST), PA     Index No. 595793/2022
ACQUISITIONS (NY) LLC

                    Plaintiff,

            -against-

L.C.D. ELEVATOR REPAIR, INC.,

Third-Party Defendant.
-----------------------------------------------------------------x
L.C.D. ELEVATOR REPAIR, INC.,

Second Third-Party Plaintiff,

-against

HANDI-LIFT, INC.,

Second Third-Party Defendant.
-----------------------------------------------------------------------------X
HANDI-LIFT, INC.,

Third Third-Party Plaintiff,

-against

GILBANE RESIDENTIAL CONSTRUCTION, LLC,

Third Third-Party Defendant.
-----------------------------------------------------------------x

[* 2]

The following e-filed documents, listed by NYSCEF document number (Motion 001) 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 156, 158, 161, 162, 163, 164, 169, 170, 171, 192, 193, 194, 195, 196

were read on this motion to/for             JUDGMENT - SUMMARY         .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 157, 159, 165, 166, 167, 168, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 197, 198, 199

were read on this motion to/for             JUDGMENT - SUMMARY         .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 233, 237, 239, 240, 241, 242, 243, 244

were read on this motion to/for             SUMMARY JUDGMENT         .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 234, 235, 236, 238, 245-250

were read on this motion to/for             JUDGMENT - SUMMARY         .

Motion Sequence Number 001-004 are consolidated for disposition. Defendants Extell Development Company, Park Avenue Christian Church (Disciples of Christ), PA Acquisitions (NY) LLC's ("Moving Defendants") motion (MS001) for summary judgment, third-third party defendant Gilbane Residential Construction, LLC ("Gilbane")'s motion (MS002) for summary judgment, defendant L.C.D. Elevator Repair, Inc. ("LCD")'s motion (MS003) for summary judgment and defendant Handi-Lift, Inc.'s motion (MS004) for summary judgment are all granted as described below.

**Background**

Plaintiff brings this personal injury action arising out of injuries she suffered while at church. She testified that she was not a member of Park Avenue Christian Church but attended

155397/2020   NEAL, JOAN ELIZABETH vs. EXTELL DEVELOPMENT COMPANY
Motion No.  001 002 003 004

Page 2 of 7

services "on and off" dating all the way back to the 1980s (NYSCEF Doc. No. 113 at 21-25). At the time of her accident, the church was undergoing construction (*id*. at 32-34). She testified that at some point after arriving, she had to go to the bathroom and opened what she thought was a hallway door (*id*. at 42). Plaintiff explained that "I opened the door. I saw—I opened the door, and I ended up seeing—I saw a blue and white wall, and then everything went black" (*id*. at 43). She added that she thought the door would lead to a side exit, "which would lead me to the outside, which is where the trailer bathrooms were located" (*id*.).

Plaintiff testified that "I don't know anything about the timing. I—I mean, I opened the door, and then there was nothing. I saw ahead of me, and then there was nothing. Then everything goes black" (*id*. at 52). She later explained that she eventually got out of the area, which turned out to be an empty elevator shaft used for wheelchairs (*id*. at 113).

Moving Defendants contend that plaintiff fell when she opened the door of a handicap accessible wheelchair lift that was under construction and allegedly fell three feet into the lift shaft. They contend that this purportedly dangerous condition was open and obvious and that plaintiff simply failed to look where she was going. It was obviously an elevator, Moving Defendants claim, and they question how plaintiff did not see the elevator buttons right beside the door prior to opening it. They also emphasize that plaintiff admitted to using the bathrooms located outside the church in trailers (due to the construction) on numerous occasions prior to her accident. Moving Defendants point out that the route to get to the bathroom is through the sanctuary, indicated by signs with arrows and that plaintiff simply ignored these directions.

Moving Defendants attach a purported expert affirmation (NYSCEF Doc. No. 127) that contends that the condition was open and obvious. The expert, Mr. Rothstein, concludes that "the alleged condition was open and obvious to the plaintiff, and anyone using their normal

155397/2020   NEAL, JOAN ELIZABETH vs. EXTELL DEVELOPMENT COMPANY          Page 3 of 7
Motion No.  001 002 003 004

3 of 7

senses of observation including sight would not have proceeded through the silver steel door with elevator buttons and a window which obviously belonged to a lift or elevator (and not to a hallway as plaintiff claims) and thus, would not have been injured" (*id*. at 27).

In MS002, Gilbane moves for summary judgment on similar grounds, namely that the purportedly dangerous condition was open and obvious and that plaintiff was the sole proximate cause of her own accident.

In MS003, LCD contends that the incident happened on the wheelchair lift and that it had no duty to plaintiff because it subcontracted all of the work relating to the installation of the lift to Handi-Lift.

Handi-Lift argues in MS004 that it finished installing of the wheelchair lift 11 days prior to plaintiff's accident and that it therefore left the premises to Gilbane—the general contractor.

In opposition, plaintiff contends that it was reasonable to expect that the platform for the elevator lift (it was an ADA lift) would be on her floor rather than at the lower floor three feet below. She argues that the shaftway was hidden behind an unsecured door and so it was neither open nor obvious. Plaintiff insists that there is no way this Court could conclude that she was the sole proximate cause of her accident. She argues that Moving Defendants bear a non-delegable duty to keep the premises in a reasonably safe condition.

In reply, Moving Defendants argue that plaintiff admitted she was aware of the construction at the church and that the bathrooms were located outside in trailers. They point out that plaintiff knew she could have accessed the bathrooms through the sanctuary.

**Open and Obvious**

"A landowner has a duty to maintain its premises in a reasonably safe condition. However, a property owner has no duty to protect or warn against conditions that are open and

155397/2020   NEAL, JOAN ELIZABETH vs. EXTELL DEVELOPMENT COMPANY                    Page 4 of 7
Motion No.  001 002 003 004

4 of 7

obvious and not inherently dangerous. A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident. The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (*Marino v Shop-Rite Supermarkets, Inc.*, 230 AD3d 668, 669, 216 NYS3d 697 [2d Dept 2024] [internal quotations and citations omitted]).

The central question on this motion is whether the elevator shaft in question was open and obvious and not inherently dangerous such that the moving parties are entitled to summary judgment dismissing this case. The Court finds that it was and grants the requests by the various parties to dismiss this case. As an initial matter, the pictures depicting the elevator door clearly show that there were elevator buttons right next to it (NYSCEF Doc. No. 196, ¶ 10). When asked about this, plaintiff said that she did not see them and that "I was just—I wasn't thinking about- I was just walking through the hallway" (NYSCEF Doc. No. 114 at 52). Any reasonable person seeing elevator buttons would suspect that this was an elevator.

Of course, the presence of these buttons do not make something open and obvious. What compels the Court to grant the motion is plaintiff's testimony, or lack thereof, about what she did next. When asked "when you opened the door with your right hand, what happened?", plaintiff responded "I fell" (*id*. at 55). Plaintiff also testified that "I opened the door, and then there was nothing. I saw ahead of me, and then there was nothing. Then everything goes black" (NYSCEF Doc. No. 113 at 52). What is wholly missing from this testimony is why plaintiff decided to, essentially, step into the abyss. She claimed she was looking forward and saw a blue wall (NYSCEF Doc. No. 114 at 56). Simply put, plaintiff did not offer any reason for deciding to

155397/2020   NEAL, JOAN ELIZABETH vs. EXTELL DEVELOPMENT COMPANY          Page 5 of 7
Motion No.  001 002 003 004

5 of 7

step into what turned out to be a three-foot elevator shaft. Plaintiff did not testify she thought she saw steps or an exit to get to the bathrooms. The photograph depicting the shaft (NYSCEF Doc. No. 196, ¶ 17) shows a clear and obvious drop off and raises a question (which plaintiff did not sufficiently answer) about why a reasonable person would step off into a such a drop.

The circumstances surrounding plaintiff's regular attendance at the church contributes significantly to the Court's determination. Plaintiff admitted that she had started attending the church back in the 1980s and attended "on and off" throughout the years (NYSCEF Doc. No. 113 at 22). Critically, plaintiff also acknowledged that she was well aware of the construction ongoing at the site and that she had used the bathrooms located in the trailers outside the church prior to her accident (NYSCEF Doc. No. 114 at 45). Plaintiff testified that she knew full well how to get to the bathrooms in the trailers and had traversed this route, through the sanctuary, "quite a few times" prior to the accident (*id*. at 47). The witness for the church testified that these were the only bathrooms available to people attending church at the time and that there were signs with arrows directing attendees how to access them (NYSCEF Doc. No. 116 at 47).

And so this Court is confronted with a situation in which plaintiff, who had attended this church for decades, took it upon herself to go a different way to the bathroom despite knowing how to access the temporary bathrooms, ignored or didn't pay attention to elevator buttons before inexplicably stepping off into an elevator shaft. When asked if it was dark when she opened the door, plaintiff responded that "she saw a blue wall" (NYSCEF Doc. No. 114 at 56). That does not suggest that she was unable to see what was surely obvious—that this was an elevator shaft and not a hallway.

**155397/2020 NEAL, JOAN ELIZABETH vs. EXTELL DEVELOPMENT COMPANY** **Page 6 of 7**
Motion No. 001 002 003 004

[* 6]

6 of 7

**Summary**

This Court is well aware that many cases involving open and obvious claims by property owners go to trial. But this Court is unable to find that an ADA accessible elevator shaft is anything other than an open and obvious condition especially where plaintiff was a somewhat regular at the church and had repeatedly attended church while it was under construction. Plaintiff clearly knew the way to access the bathrooms and had familiarity with the church grounds. The church set up a clear path to access the bathrooms, one that plaintiff repeatedly used, and it is therefore not responsible for plaintiff's decision to not only open the wheelchair lift door but to step without first looking to see where she was going.

Accordingly, it is hereby

ORDERED that the moving parties' motions (MS001, 002, 003 and 004) for summary judgment dismissing this case are granted to the extent that plaintiff's complaint is dismissed and the Clerk is directed to enter judgment accordingly in favor of defendants/third-parties and against plaintiff along with costs and disbursements upon presentation of proper papers therefor.

| 3/13/2026 | | | | | ARLENE P. BLUTH, J.S.C. | | |
|-----------|---|---|---|---|------------------------|---|---|
| **DATE** | | | | | | | |
| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | | |
| | ☒ | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | | ☐ OTHER | |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE | |

155397/2020  NEAL, JOAN ELIZABETH vs. EXTELL DEVELOPMENT COMPANY     Page 7 of 7
Motion No.  001 002 003 004

7 of 7